IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARILYN MONAE PORTER, <br> a/k/a LAMONE M. JOHNSON, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | CIV-22-023-R |
| v. | ) <br> ) | |
| JOEL MCCURDY, et. al., | ) <br> ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Before the Court is Defendant Utilization Review Committee's Motion to Dismiss, Doc. No. 29, to which Plaintiff has filed a Response. Doc. No. 41. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended the Motion to Dismiss be granted and Plaintiff be allowed leave to amend her Complaint.

I.  Background Information

Plaintiff is confined at the Oklahoma State Penitentiary located in McAlester, Oklahoma. Doc. No. 1 at 2. Plaintiff has asserted claims under the

Eighth and Fourteenth Amendments. *Id.* at 4-6. As Defendants, she has named Joel McCurdy, Oklahoma Department of Corrections ("ODOC") Chief Medical Officer, and ODOC's Utilization Review Committee ("URC"). *Id.* at 3.

In her Complaint, Plaintiff explains that she suffers from gender dysphoria. *Id.* at 4-6. A Qualified Healthcare Professional ("QHCP"), Dr. Payne Wren appointed by Defendant McCurdy, diagnosed Plaintiff with this condition. *Id.* at 5, 6. Pursuant to ODOC policy, the QHCP submitted a request to Defendants for Plaintiff to receive certain surgical treatments. *Id.* Defendants denied the request. *Id.*

By this action, Plaintiff asserts an Eighth Amendment claim alleging that in denying the surgical requests, Defendants were deliberately indifferent to her serious medical needs. *Id.* at 4-6. Additionally, Plaintiff asserts a claim under the Fourteenth Amendment's equal protection clause based on allegations that Defendants approved similar surgeries for a fellow inmate. *Id.* 4, 6. Defendant URC has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing it is not a proper party to this action under 42 U.S.C. § 1983.

II.     Standard of Review

A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In applying

this standard the court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011); *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). To survive a motion to dismiss, a complaint must present factual allegations that "raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

    A *pro se* plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997) (courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

3

A court evaluating a Rule 12(b)(6) motion to dismiss may consider the complaint as well as any documents attached to it as exhibits. *Bellmon*, 935 F.2d at 1112. Additionally, "[a] district court may consider documents (1) referenced in a complaint that are (2) central to a plaintiff's claims, and (3) indisputably authentic when resolving a motion to dismiss without converting the motion to one for summary judgment." *Thomas v. Kaven*, 765 F.3d 1183, 1197 (10th Cir. 2014).[1]

III.  Analysis

42 U.S.C. § 1983 creates a cause of action where a "*person . . .* under color of any statue, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . ." (emphasis added). State entities and state officials sued in their official capacities are not "persons" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Defendant URC requests dismissal based on a contention that it is a subdivision of ODOC and therefore, not a person under

---

[1] Defendant referenced one document in its Motion to Dismiss that was not submitted with Plaintiff's Complaint. However, because it was unnecessary to rely on the same in issuing this Recommendation, the Court did not convert Defendant's Motion to Dismiss into a Motion for Summary Judgment.

§ 1983. The Court agrees.

It is well established that committees within state entities or agencies are considered subdivisions of the same and are therefore, not suable entities under 42 U.S.C. § 1983. *See Paulsen v. Hickenlooper*, No. 18-cv-01396-PAB-KMT, 2019 WL 4412695, at *1 n.1 (D. Colo. Sept. 16, 2019) (noting dismissal of the Colorado Department of Corrections "Infectious Committee on the ground that the committee is not a person subject to suit in a 42 U.S.C. § 1983 action." (quotations omitted)); *Lomax v. Raemisch*, No. 18-cv-00321-GPG, 2018 WL 10373661, at *3 (D. Colo. March 19, 2018) ("Plaintiff [] may not pursue any constitutional claims against the [Colorado Department of Corrections] Central Classification Committee because the committee is not a person subject to suit in a 42 U.S.C. § 1983 action." (quotations omitted)); *Russom v. Jimmerson*, No. 07–cv–02574–CMA–MEH, 2008 WL 5083423, at *1 (D. Colo. Nov. 25, 2008) (explaining that the "Colorado Department of Corrections Central Review Committee Unknown Names" was not a suable entity inasmuch as "State entities and state officials sued in their official capacities are not 'persons' within the meaning of [§] 1983"); *Barney v. Broomfield Cnty. Jail Admin.*, No. 1:06 CV 01216 BNB, 2006 WL 2226240, at *1 (D. Colo. Aug. 2, 2006) ("With respect to named Defendant Classification Committee, the Committee is not a person for the

purpose of a § 1983 action."). Thus, it is clear Defendant URC is not a person for purposes of § 1983 and therefore, not a proper party for claims brought pursuant to the same.

In her Response to Defendant's Motion to Dismiss, Plaintiff points out the inequitable result in dismissing her claims in this circumstance when she has not been afforded the opportunity to engage in the discovery process and learn the identities of the individual URC members. Plaintiff makes a compelling point.

In *Barney*, wherein the plaintiff had named a county jail committee as a defendant, the court explained that the plaintiff could use fictitious names, such as "Jane or John Doe," if he did not yet know the real names of the individuals who allegedly violated his rights. *Id.* at *2. The court further explained that if the plaintiff used fictitious names, he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. *Id.* The same principles apply in the present case. Additionally, because Plaintiff's naming of the URC previously resulted in effective service of process, one could surmise that using fictious names, identifying the individual as a member of the URC, and providing the previous contact information would be sufficient.

## RECOMMENDATION

Based on the foregoing findings, it is recommended Defendant's Motion to

Dismiss (Doc. No. 29) be GRANTED. The Court further recommends Plaintiff be provided leave of court in order to amend her Complaint and name the proper defendants.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by <u>July 5th</u>, 2022, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this <u>13th</u> day of <u>June</u>, 2022.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE