IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARILYN MONAE PORTER,<br>   a/k/a LAMONE M. JOHNSON,<br><br>             Plaintiff,<br><br>v.<br><br>JOEL MCCURDY, et. al.,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)   CIV-22-023-R<br>)<br>)<br>)<br>)<br>)<br>) |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of constitutional rights. Currently before the Court is Plaintiff's Motion for Temporary Restraining Order. Doc. No. 50. The Motion has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned recommends Plaintiff's Motion be denied.

I. Background Information

Plaintiff is incarcerated in the Oklahoma State Penitentiary ("OSP") located in McAlester, Oklahoma. In her Complaint, Plaintiff asserts claims under the

Eighth and Fourteenth Amendments. *Id.* at 4-6.[1] As Defendants, she has named Joel McCurdy, Oklahoma Department of Corrections ("ODOC") Chief Medical Officer, and ODOC's Utilization Review Committee. *Id.* at 3.

In her Complaint, Plaintiff explains that she suffers from gender dysphoria. *Id.* at 4-6. A Qualified Healthcare Professional ("QHCP"), Dr. Payne Wren, appointed by Defendant McCurdy, diagnosed Plaintiff with this condition. *Id.* at 5, 6. Pursuant to ODOC policy, the QHCP submitted a request to Defendants for Plaintiff to receive certain surgical treatments. *Id.* Defendants denied the request. *Id.*

By this action, Plaintiff asserts an Eighth Amendment claim alleging that in denying the surgical requests, Defendants were deliberately indifferent to her serious medical needs. *Id.* at 4-6. Additionally, Plaintiff asserts a claim under the Fourteenth Amendment's equal protection clause based on allegations that Defendants approved similar surgeries for a fellow inmate. *Id.* 4, 6.

In Plaintiff's Motion for Temporary Restraining Order ("TRO") and related filings, she indicates she has been and will continue to be a victim of assaults and

---

[1] Throughout the pleadings and briefs in this matter, Plaintiff and Defendants refer to Plaintiff using she/her pronouns. Although the Court is not making a legal determination as to Plaintiff's legal gender, for the sake of clarity and consistency, as well as out of respect for Plaintiff's status as a transgender individual, the Court will also refer to Plaintiff using she/her pronouns.

sexual harassment from other inmates. Doc. Nos. 50-52. Additionally, Plaintiff asserts that OSP officials are aware of the assaults and harassment and not only do nothing to stop these incidents, they encourage them. *Id.* She requests the Court enter a TRO directing OSP officials to refrain from failing to protect Plaintiff from inmate assaults, from taking certain actions that make assaults more likely, and from inciting and encouraging such action from Plaintiff's fellow inmates. *Id.*

II. Analysis

Plaintiff's Motion should be denied for two reasons. First, pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction is only binding upon the parties to the action or those persons in active concert or participation with them. In her Motion, Plaintiff asserts OSP officials are failing to protect her and/or encouraging her harm. However, OSP officials are not parties to this lawsuit. Instead, Defendants are limited to ODOC's Chief Medical Officer, Joel McCurdy, and ODOC's Utilization Review Committee.

Second, even if the Court could bind OSP officials, Plaintiff has asked for relief that is unrelated to the underlying claims in her Complaint. A TRO grants intermediate relief of the same character as that which may be finally granted. *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, "the movant must establish a relationship between the injury claimed in the party's

3

motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (quotations omitted). If she fails to do so, the court is powerless to enter a TRO. *See, cf., Colum v. Winchester*, No. CIV–12–561–HE, 2012 WL 3594804, at *1 (W.D. Okla. June 21, 2012) ("When the movant seeks intermediate relief beyond the claims in the complaint, the court has no authority to enter a preliminary injunction."). *See also McMiller v. Corr. Corp. of Am.*, No. CIV-14-161-W, 2016 WL 1045567, at *1 (W.D. Okla. Mar. 15, 2016) (denying motions for preliminary injunction and TRO because "[t]he prison officials['] . . . conduct – refusal to provide certain prescribed medication – is not related to the events giving rise to this lawsuit."); *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (affirming district court's denial of motion for preliminary injunction or TRO seeking to "prevent [the plaintiff's] transfer out of the prison's protective custody unit . . . [while] his complaint alleged that defendants failed to protect him from his cellmate").

For both of these reasons, the Court lacks the authority to enter the requested relief against OSP officials. Accordingly, Plaintiff's Motion should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended Plaintiff's Motion for

Temporary Restraining Order (Doc. No. 50) be DENIED. Plaintiff is advised of her right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by July 28th, 2022, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991); *see, cf.*, *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this  8th  day of July, 2022.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE