IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARILYN MONAE PORTER,                )
a/k/a LAMONE M. JOHNSON,             )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )          CIV-22-23-R
                                     )
JOEL MCCURDY, et. al.,               )
                                     )
                    Defendants.      )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, initiated

this action under 42 U.S.C. § 1983 alleging violations of her federal constitutional

rights. Doc. No. 1.[1] On September 19, 2022, Plaintiff filed an Amended

Complaint. Doc. No. 72. This matter has been referred to the undersigned

Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B),

(C). Following the requisite screening of Plaintiff's Amended Complaint, the

undersigned recommends the transfer of this action to the United States District

Court for the Eastern District of Oklahoma.

---

[1] Throughout the pleadings and briefs in this matter, Plaintiff and Defendants refer to
Plaintiff using she/her pronouns. Although the Court is not making a legal determination
as to Plaintiff's gender, for the sake of clarity and consistency, as well as out of respect
for Plaintiff's status as a transgender individual, the Court will also refer to Plaintiff
using she/her pronouns

I. Procedural History and Asserted Claims

Plaintiff is incarcerated at the Oklahoma State Penitentiary ("OSP") located in McAlester, Oklahoma. She initially filed this action in the Eastern District of Oklahoma on October 18, 2021, which transferred the action to this Court. At that time, the Eastern District court explained, "While Plaintiff is incarcerated in the Eastern District of Oklahoma, the complaint asserts that all the defendants are located in Oklahoma City, Oklahoma, which lies within the territorial jurisdiction of the Western District of Oklahoma. Further, the decisions regarding Plaintiff's medical care [providing the basis for her claims] apparently were made in the Western District." Doc. No. 12 at 1 (citation omitted).

In her initial Complaint, Plaintiff raised claims under the Eighth and Fourteenth Amendments, naming as Defendants Joel McCurdy, Oklahoma Department of Corrections ("ODOC") Chief Medical Officer, and the ODOC Utilization Review Committee ("URC"). Doc. No. 1. In her Complaint, Plaintiff explained that she suffers from gender dysphoria. *Id.* at 4-6. A Qualified Healthcare Professional ("QHCP"), Dr. Payne Wren, appointed by Defendant McCurdy, diagnosed Plaintiff with this condition. *Id.* at 5, 6. Pursuant to ODOC policy, the QHCP submitted a request to Defendants for Plaintiff to receive certain surgical treatments. *Id.* Defendants denied the request. *Id.*

2

In her Complaint, Plaintiff asserted an Eighth Amendment claim alleging that in denying the surgical requests, Defendants were deliberately indifferent to her serious medical needs. *Id.* at 4-6. Additionally, Plaintiff asserted a claim under the Fourteenth Amendment's equal protection clause based on allegations that Defendants approved similar surgeries for a fellow inmate. *Id.* at 4, 6.

On April 29, 2022, Defendant URC filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing it was not a proper party to this action under 42 U.S.C. § 1983. Doc. No. 29. The Court agreed and on June 13, 2022, the undersigned recommended granting Defendant URC's Motion and allowing Plaintiff to amend her Complaint in order to name individual members of the URC as Defendants. Doc. No. 44. United States District Judge David L. Russell adopted this recommendation on August 31, 2022. Doc. No. 63.

On May 27, 2022, Defendant McCurdy filed a Motion to Dismiss in which he requested dismissal, alleging, *inter alia*, that Plaintiff failed to demonstrate he personally participated in the decision to deny her requests for sex reassignment and related surgeries. Doc. No. 38. The undersigned agreed and recommended the Court dismiss Plaintiff's claims against Defendant McCurdy. Doc. No. 70.

On September 19, 2022, Plaintiff filed an Amended Complaint in which she asserted her initial claims but also added numerous additional claims and

Defendants. Doc. No. 72. Specifically, Plaintiff now names the following as Defendants: Joel McCurdy, John Doe members of the URC, OSP Correctional Health Services Administrator Kim Hall, OSP Deputy Warden Christie Quick, OSP Canteen Supervisor Earlene Sylvester, OSP Unit Manager Terri Apala, OSP Warden Jim Farris, OSP Disciplinary Hearing Officer Lt. Dixon, OSP Chief of Security Tinsley, and ODOC Chief Medical Officer Ross Fisher. *Id.* at 6-10.

In her Amended Complaint, Plaintiff asserts claims under the Eighth and Fourteenth Amendments alleging Defendants violated her rights to equal protection, adequate medical care, and due process. *Id.* at 12-35. Her claims arise from numerous incidents that have occurred primarily at OSP, including but not limited to denial of requests for varying types of medical care, denial of female related clothing and accessories, an alleged failure to provide due process during disciplinary proceedings, and denial of certain types of telephone calls. *Id.*

On January 11, 2023, Judge Russell declined to adopt the undersigned's previous recommendation to dismiss Plaintiff's claims against Defendant McCurdy because the Amended Complaint, which was filed with leave of Court, became the operable pleading and, therefore, superseded the original Complaint. Doc. No. 83. Accordingly, the undersigned must screen the Amended Complaint pursuant to 28 U.S.C. § 1915A(a).

II. Screening of Prisoner Complaints

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). After conducting an initial review, a court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Additionally, one aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). "[T]he court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

III. Analysis

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events

or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1), (2).

Venue for this matter lies in the Eastern District of Oklahoma. Based on the Amended Complaint, it appears the vast majority of "the events or omissions giving rise to [Plaintiff's] claim[s] occurred" in McAlester, Oklahoma located in Pittsburg County. *Id.* Moreover, it is likely the vast majority of Defendants, primarily OSP officials, reside in Pittsburg County as well. Additionally, most Defendants have yet to be served with process in this matter. The County of Pittsburg, State of Oklahoma is located within the Eastern District of Oklahoma. 28 U.S.C. § 116(b).[2] Thus, venue is proper in that court. 28 U.S.C. § 1391(b)(2).

<u>RECOMMENDATION</u>

The undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma. Plaintiff is advised of her right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by <u>February 1st</u>, 2023, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended

---

[2] The undersigned judicially notices the location of Pittsburg County, Oklahoma. Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

ruling. *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991); *see*, *c.f.*, *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

Dated this ___12th___ day of <u>January</u>, 2023.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE